IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                                                                   In Proceedings
                                                                                          Under Chapter 13
MARLON DURONE STACKER,

                                                                                          Case No. 10-30262
        Debtor(s).

OPINION

This matter came before the Court on January 18, 2011, on the motions filed by Monco Law Offices and Associated Bank seeking dismissal of contested matters brought by *pro se* movant Renita Robinson-Stacker against the bank and its collection law firm, Monco. In her motions, Ms. Stacker alleges that the bank and Monco violated the co-debtor stay of 11 U.S.C. § 1301 and the Fair Credit Reporting Act by reporting adverse and incorrect information to Equifax, Transunion and Experian credit bureaus while the instant bankruptcy case was pending and by failing to remove the information upon learning of the existence of the instant bankruptcy case or upon dispute filed by Ms. Stacker with the bureaus.

Ms. Stacker is not a debtor in this case. Rather, she is the former spouse of the debtor, Marlon Durone Stacker, and was a joint owner of a bank account with the debtor at the bank. In addition, she was and/or is a co-signer on a second mortgage/home equity line of credit that the bank holds on Marlon Stacker's residence. Marlon Stacker is not a party to the matters before the Court.

On October 27, 2009, the bank closed the joint bank account, alleging it was overdrawn in the amount of $809.29. When the account was not reimbursed by either Mr. or Ms. Stacker

1

by January 15, 2010, the bank forwarded the account to Monco for collection. On February 4, 2010, Mr. Stacker filed the instant chapter 13 bankruptcy case.

On September 10, 2010, and as supplemented on October 15, and November 29, 2010, Ms. Stacker filed what amounts to motions against the bank and Monco in Mr. Stacker's bankruptcy case seeking damages for violations of the co-debtor stay of section 1301 and the Fair Credit Reporting Act. In the motion directed at the bank, Ms. Stacker alleges that on various dates after the bankruptcy case was filed, the bank incorrectly and adversely reported the home equity account as delinquent although payment of the loan had been included in Marlon Stacker's chapter 13 plans. She asks the Court to review the accuracy of the bank's reporting as to account delinquencies and as to "[a]ppropriate allocation of the monies received from the Trustee . . . ." In addition, Ms. Stacker alleges that the bank failed to provide the required 30-day notification, warning her of impending negative reporting, and further failed to take corrective action after she disputed the reported information. In the motion directed at Monco, Ms. Stacker alleges that Monco requested payment of $809.00 from her by letter received post-petition on February 22, 2010. She further alleges that she learned, when applying for credit on various post-petition dates, that Monco had incorrectly and negatively reported the $809.00 collection to Transunion and had failed to remove the reporting after the bankruptcy case had been filed, when the case was reinstated following dismissal, and upon confirmation of Marlon Stacker's chapter 13 plan.

In these contested matters, which were previously before the Court for hearing on December 14, 2010, all parties were granted until January 13, 2011, to file motions for summary judgment or other dispositive motions. This was within the Court's discretion pursuant to Bankruptcy Rule 9014(c), which allows the Court to direct that other rules under Part VII of the

Federal Rules of Bankruptcy Procedure, such as Rule 7012, shall apply in a contested matter. Rule 7056 is already applicable in contested matters pursuant to Bankruptcy Rule 9014(c).

After considering all of the well pleaded facts in a light most favorable to Ms. Stacker, as is required in reviewing a motion to dismiss, the Court finds, for several reasons, that it is unable to grant her the relief that she seeks and must grant the motions to dismiss filed by Monco and the bank.

1. The protections afforded by section 1301(a) of the Bankruptcy Code are intended to be for the benefit of debtors, and not co-debtors. The purpose behind the section is to prevent a creditor from indirectly coercing a debtor to pay a debt by taking action to collect the debt from a co-debtor who will, in turn, put pressure on the debtor to pay the debt. The legislative history supports this view. In describing the co-debtor stay, it says, "It is not relief for an individual that is not a debtor under the bankruptcy laws. It is designed only to protect the principal debtor, not the codebtor. Any protection of the codebtor is incidental." H.R. Rep. No. 595, 95th Cong., 1st Sess. 123 (1977). The cases of *In re Singley*, 233 B.R. 170 (Bankr. S.D. Ga. 1999), and *In re Sommersdorf*, 139 B.R. 700 (Bankr. S.D. Ohio 1991), cited by Ms. Stacker, are distinguishable from the instant matter because the debtors in both those cases were parties to the proceedings and violations of section 362, as well as section 1301, were involved.

2. This analysis is reinforced by the lack of a damages remedy for violation of the co-debtor stay. While a debtor who is harmed by a willful violation of the automatic stay of section 362(a) can recover actual damages, including costs and attorneys' fees, and even punitive damages, under section 362(k)(1) of the Bankruptcy Code, there is no equivalent provision in section 1301. Therefore, even when the events are viewed in the light most favorable to Ms. Stacker, the Court is unable to award her damages under section 1301. The case of *In re Singley*,

3

233 B.R. at 174 n.1, recognizes this fact at footnote 1. There, in a lawsuit brought by a debtor and his non-filing co-debtor spouse, the Court found that because section 1301 contains no provision for awarding damages, that "any damages award would have to result from a finding that [a creditor] willfully violated section 362." There is no dispute that Marlon Stacker, the debtor, who is protected under section 362, has not joined in this matter.

3. Finally, to the extent that Ms. Stacker is seeking a remedy under the Fair Credit Reporting Act, the Court finds, as argued by Monco and the bank, that the bankruptcy court lacks subject matter jurisdiction to consider this claim because it is not a civil proceeding "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334 (b); 28 U.S.C. § 157. It is clear that a recovery in favor of Ms. Stacker will have no affect whatsoever on the bankruptcy case of her former husband.

While Ms. Stacker does not have a remedy in the bankruptcy court, there is nothing contained in this Opinion that prevents her from pursuing her claim of Fair Credit Reporting Act violations in another court that has jurisdiction to hear this type of claim.

See Order entered this date.


ENTERED: January 20, 2011

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE